UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLWORTH FINANCIAL LP, | No. 2:23-cv-00829-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| JILL PIVATO, | |
| Defendant. | |

This matter is before the Court pursuant to Defendant Jill Pivato's ("Defendant") Motion to Stay. (ECF No. 22.) Plaintiff Allworth Financial LP ("Plaintiff") filed an opposition. (ECF No. 25.) Defendant filed a reply. (ECF No. 28.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///
///
///
///
///
///
///

1

## I.     Factual and Procedural Background

In December 2019, Plaintiff, an SEC registered investment advisory firm, hired Defendant as a financial advisor and assigned her a group of clients to service on Plaintiff's behalf. (ECF No. 1 at 2.) Defendant resigned on April 21, 2023. (*Id.*) Plaintiff alleges that prior to Defendant's departure, Defendant downloaded and took Plaintiff's trade secret materials. (*Id*. at 11.) Plaintiff also alleges Defendant contacted Plaintiff's clients for the purpose of diverting business to Defendant and/or Creative Planning, which is Defendant's new employer and Plaintiff's competitor. (*Id.*)

Plaintiff filed this action on May 3, 2023, alleging claims for: (1) misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836; (2) misappropriation of trade secrets in violation of California's Uniform Trade Secrets Act, Cal. Civil Code § 3426; (3) breach of written contract; and (4) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. (*Id.* at 7–11.) Plaintiff seeks monetary damages and injunctive relief. (*Id.* at 11.) Plaintiff filed an *ex parte* application for a Temporary Restraining Order ("TRO") that same day. (ECF No. 2.) After setting a briefing schedule and considering both parties' arguments, the Court denied Plaintiff's application on May 19, 2023, finding Plaintiff failed to establish it would suffer imminent, irreparable harm in the absence of injunctive relief. (ECF No. 18.)

Defendant filed the instant motion to stay on July 6, 2023. (ECF No. 22.) More specifically, Defendant indicates that all but one of Plaintiff's claims — the claim for injunctive relief — have been submitted to arbitration. (*Id.* at 2.) Defendant seeks a stay of this action pending resolution of the arbitration. (*Id.* at 2.)

## II.     Standard of Law

The Court has broad discretion in deciding whether to issue a stay. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. More specifically, "[w]here it is proposed that a pending proceeding be stayed, the competing

2

interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). These competing interests are: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* "[I]f there is even a fair possibility that the stay . . . will work damage to someone else," the moving party must show hardship or inequity will result absent a stay for a stay to be proper. *Landis*, 299 U.S. 248 at 255.

### III. ANALYSIS

Having weighed the competing interests, the Court concludes imposing a stay pending the resolution of arbitration is appropriate in this case. *CMAX, Inc.*, 300 F.2d at 268.

First, the harm to Plaintiff in granting a stay is minimal. Plaintiff broadly argues it will be harmed if it is unable to seek permanent injunctive relief until arbitration concludes. (ECF No. 25 at 2.) Plaintiff's argument is unpersuasive. In previously denying Plaintiff's application for a TRO, the Court held Plaintiff failed to provide sufficient evidence that future harm would occur in the absence of an injunction. (ECF No. 18.) Plaintiff again fails to provide evidence suggesting a stay will cause any specific future harm. As such, the Court cannot say there is even a "fair possibility" that a stay would harm Plaintiff. *Landis*, 299 U.S. 248 at 255.

On the other hand, the harm to Defendant in denying a stay is also minimal. Defendant vaguely argues that in absence of a stay she "will be forced to face the risk of perhaps multiple inconsistent rulings . . . throughout a two-track litigation." (ECF No. 22 at 9.) This generic argument fails to convince the Court that Defendant will suffer significant harm in the absence of a stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*.").

The tiebreaker is the third inquiry — judicial economy. Absent any argument to the contrary, it appears the sole remaining claim for injunctive relief is based on the same factual and legal issues that will be decided in arbitration. The Court finds reducing the risk of inconsistent

rulings and waste of judicial resources heavily favors granting a stay. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

Lastly, while Plaintiff makes much of the fact the Arbitration Agreement carves out a right to seek injunctive relief through the judicial process rather than arbitration, Plaintiff does not cite a provision in the Arbitration Agreement — or any other legal authority — prohibiting the issuance of a stay while other related claims are resolved in arbitration. (*See* ECF No. 25.)

### IV.  CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Defendant's Motion to Stay and STAYS the case pending the completion of arbitration. (ECF No. 22.) The parties shall file a Joint Status Report within thirty (30) days of completing arbitration.

IT IS SO ORDERED.

Date: November 1, 2023

Troy L. Nunley
United States District Judge

4